UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
SECURITY INSURANCE COMPANY OF )
HARTFORD, )
 ) No. C05-1062L
                    Plaintiff, )
    v. )
 ) ORDER GRANTING IN PART
SEA'N AIR TRAVEL, *et al.*, ) SEA'N AIR TRAVEL'S
 ) CROSS-MOTION FOR SUMMARY
                    Defendants. ) JUDGMENT
_____)

This matter comes before the Court on "Security Insurance Company's Motion for Summary Judgment" (Dkt. # 16) and defendant Sea'N Air Travel's cross-motion (Dkt. # 29). The parties each seek a declaration regarding Security's obligation to defend and indemnify Sea'N Air in a suit brought in King County Superior Court by co-defendant Trident Seafoods Corporation. In the underlying state court action, Trident alleges that Sea'N Air failed to exercise reasonable care in hiring and supervising its employee, Scott Tenanglia, and failed to utilize accounting procedures that would have uncovered Tenanglia's theft of airline tickets owned by Trident.

Any party seeking to obtain declaratory judgment or against whom a declaratory judgment is sought may move for summary judgment in that party's behalf. Fed. R. Civ. P. 56(a) and (b). Summary judgment is appropriate when, viewing the facts in the light most

ORDER GRANTING IN PART SEA'N AIR
TRAVEL'S CROSS-MOTION FOR SUMMARY
JUDGMENT

favorable to the nonmoving party, there is no genuine issue of material fact which would preclude the entry of judgment as a matter of law.  The party seeking summary dismissal of a claim "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).  Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324.  In the context of this insurance coverage dispute, the relevant facts are undisputed and the parties agree that summary judgment is appropriate.

Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

(1) Under the law of Washington:

> [I]nsurance policies are construed as contracts.  An insurance policy is construed as a whole, with the policy being given a fair, reasonable, and sensible construction as would be given to the contract by the average person purchasing insurance.  If the language is clear and unambiguous, the court must enforce it as written and may not modify it or create ambiguity where none exists.  If the clause is ambiguous, however, extrinsic evidence of intent of the parties may be relied upon to resolve the ambiguity.  Any ambiguities remaining after examining applicable extrinsic evidence are resolved against the drafter-insurer and in favor of the insured.  A clause is ambiguous when, on its face, it is fairly susceptible to two different interpretations, both of which are reasonable.

Weyerhaeuser Co. v. Commercial Union Ins. Co., 142 Wn.2d 654, 665-66 (2000) (internal quotations and citations omitted).

(2) If Trident is able to prove the allegations of its underlying complaint against Sea'N

ORDER GRANTING IN PART SEA'N AIR
TRAVEL'S CROSS-MOTION FOR SUMMARY
JUDGMENT                                              -2-

Air, the coverage provisions of Coverage C of Security's policy would be triggered and no exclusion would apply. Policy No. TA 130534 and its subsequent reiterations provide that Security will pay on behalf of Sea'N Air all sums to which Sea'N Air becomes legally obligated to pay because of "any negligent act, error or omission of the 'insured' or any other person for whose acts the 'named insured' is legally liable in the conduct of 'travel agency operations' by the 'named insured.'"[1] Coverage C. Security apparently concedes that Trident's allegations of negligent hiring, negligent supervision, and failure to implement proper accounting procedures against Sea'N Air, if true, would bring the claims within this coverage provision of the insuring agreement. Security argues, however, that revised exclusion (q) applies and relieves it of its defense and coverage obligations.

Revised exclusion (q) excludes from coverage under the professional errors and omissions provisions of Coverage C "any liability arising out of or contributed to by the co-mingling of money or the inability or failure to pay or collect any money for any reason, including the following:

1. insolvency;
2. receivership;
3. bankruptcy;
4. liquidation; or
5. unauthorized or illegal credit card transactions;

whether such co-mingling of money or failure or inability to pay or collect money is on the part of the 'insured' or any other party." Security has taken the position that Trident's claim against Sea'N Air arises from or was contributed to by Tenanglia's failure or inability to repay Trident

---

[1] Terms in quotation marks are defined in the policy. Of relevance to this coverage dispute is the definition of "insured," which includes not only Sea'N Air, but also any employee of Sea'N Air acting within the scope of his duties as such. For purposes of this policy, the insurance afforded "applies separately to each 'insured' against whom claim is made or suit is brought . . . ."

ORDER GRANTING IN PART SEA'N AIR
TRAVEL'S CROSS-MOTION FOR SUMMARY
JUDGMENT                                    -3-

for the airline tickets he stole. Motion at 14.[2] But Trident's negligence claims against Sea'N Air arose when Sea'N Air's hiring, supervising, and accounting practices resulted in the losses of which Trident complains. The state court will have to consider the four elements of negligence (duty, breach, damages, and causation) in light of Sea'N Air's acts and omissions: Sea'N Air's liability will stand or fall on its own conduct from 1994 to the time Tenanglia's illegal scheme was discovered. Although payments by another liable party on the same loss may be relevant to the calculation of recoverable damages in Trident's suit, they do not alter the fact that Trident has asserted independent claims against Sea'N Air based on Sea'N Air's own conduct. Such claims can be proven without reference to Tenanglia's subsequent failure or inability to pay restitution. The Court finds that Trident's claims of negligent hiring, supervising, and accounting practices, all of which turn on conduct or omissions that occurred long before Tenanglia pled guilty and failed to pay restitution, do not arise out of and are not contributed to by Tenanglia's impecuniary status. To hold otherwise would result in an unreasonable interpretation of revised exclusion (q) because the exclusion would be triggered every time an insured or a fellow tortfeasor refused to settle (*i.e.*, failed to pay) a demand and was subsequently served with a complaint. Since Security's policy prohibits the insured from making any payments or assuming any obligation related to a claim, an interpretation of exclusion (q) that would require such payments or risk the loss of coverage for "failure to pay" is unreasonable when the policy is read as a whole.

(3) Because coverage and a duty to defend exist under the professional errors and omissions provisions of Coverage C, the Court need not determine whether the provisions of Coverage A would also be triggered by Trident's success in the underlying litigation.

---

[2] Apparently Tenaglia pled guilty of Wire Fraud in violation of 18 U.S.C. § 1343 and was ordered to pay $366,589.71 in restitution. Decl. of Russell C. Love, Ex. 6 at 4-5. Tenaglia has paid only a small portion of the outstanding debt. Motion at 4.

ORDER GRANTING IN PART SEA'N AIR
TRAVEL'S CROSS-MOTION FOR SUMMARY
JUDGMENT                                         -4-

1   (4) Sea'N Air has incurred attorney's fees because its insurer forced it to appear in this
2 declaratory judgment action in order to obtain the benefits of its insurance contract. An award
3 of attorney's fees under Olympic S.S. Co., Inc. v. Centennial Ins. Co., 117 Wn.2d 37, 52-53
4 (1991), is therefore appropriate.

5   (5) This case comes before the Court in an atypical posture. Defendant Sea'N Air has
6 sought summary judgment in its favor as to plaintiff Security's claim for declaratory relief.
7 Sea'N Air has not, however, asserted its own claim for declaratory relief.[3] Contrary to Sea'N
8 Air's argument in reply, it may not obtain through summary judgment relief that was not
9 requested in its complaint or, worse yet, was affirmatively foregone through a stipulated
10 dismissal. See William W. Schwarzer, *et al.*, Federal Civil Procedure Before Trial ¶ 8:197
11 (2004) ("An answer *cannot* be used to claim *affirmative relief*. In federal practice, a
12 counterclaim must be filed.") (emphasis in original); ¶ 8:259 ("Thus, if defendant wants the
13 court to determine its rights and obligations on the claim asserted by plaintiff, a counterclaim for
14 declaratory relief is required."). Although the nature of the relief afforded by this Order is
15 circumscribed by the state of the pleadings, it should be clear from the above analysis that
16 Trident's allegations, if proven, would trigger coverage under Security's policies.

18   For all of the foregoing reasons, Security's motion for summary judgment is
19 DENIED and Sea'N Air's cross-motion for summary judgment is GRANTED in part. Security
20 is not entitled to a declaration that its policies do not afford defense or coverage for the claims
21 alleged in Trident's underlying complaint. Its claim for declaratory judgment is hereby
22 DISMISSED. Sea'N Air is entitled to an award of Olympic Steamship attorney's fees and shall,

---

[3] To be more precise, Sea'N Air dismissed with prejudice its breach of contract counterclaim and corresponding demand for declaratory relief shortly before responding to Security's motion for summary judgment (Dkt. # 22).

ORDER GRANTING IN PART SEA'N AIR
TRAVEL'S CROSS-MOTION FOR SUMMARY
JUDGMENT                                       -5-

within twenty days of the date of this Order, file one or more affidavit and, if necessary, documents setting forth the costs it has incurred in an effort to compel coverage. Security shall file its response thereto, if any, within ten days of the filing of Sea'N Air's fee documentation. To the extent Sea'N Air sought an affirmative declaration that Security's policies cover the claims alleged by Trident, its motion for summary judgment is DENIED. Sea'N Air dismissed its claim for declaratory relief regarding Security's defense and coverage obligations and cannot reinstate it by moving for summary judgment on a claim that is no longer asserted.[4]

DATED this 23rd day of January, 2006.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[4] The procedural morass created by Sea'N Air's voluntary dismissal of all of its existing claims for affirmative relief should have very little, if any, practical effect. Sea'N Air has reserved the right to assert claims of bad faith arising after June 7, 2005 (the date on which this suit commenced). Given the Court's ruling on Security's motion for declaratory relief, it is difficult to perceive how Security could in good faith refuse to indemnify Sea'N Air should Trident prevail in the underlying litigation.

ORDER GRANTING IN PART SEA'N AIR
TRAVEL'S CROSS-MOTION FOR SUMMARY
JUDGMENT                              -6-