UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SECURITY INSURANCE COMPANY OF HARTFORD,

Plaintiff,

v.

SEA'N AIR TRAVEL, *et al.*,

Defendants.

No. C05-1062RSL

ORDER AWARDING ATTORNEY'S FEES

This matter comes before the Court on the "Declaration of Alan K. Foe Regarding Defendant Sea 'N Air Travel's Attorneys' Fees." Dkt. # 37. Defendant seeks $53,604.82 in attorney's fees incurred in its successful effort to obtain coverage under an insurance policy issued by plaintiff.

Pursuant to Olympic Steamship Co., Inc. v. Centennial Ins. Co., 117 Wn.2d 37, 53 (1991), "an award of fees is required in any legal action where the insurer compels the insured to assume the burden of legal action[] to obtain the full benefit of his insurance contract. . . ." While not contesting the hourly rates charged by defense counsel, plaintiff argues that the number of hours expended on certain tasks is unreasonable and that certain categories of expenses are not recoverable. In particular, plaintiff argues that certain fees are associated with unsuccessful claims or were otherwise unproductive, that defendant's descriptions of some activities are impermissibly vague, that Olympic Steamship does not authorize the recovery of

fees incurred before suit is filed, that clerical tasks cannot be reimbursed, and that defendant cannot recover fees incurred by a third party.

Relying on Bowers v. Transamerica Title Ins. Co., 100 Wn.2d 581 (1983), and Mahler v. Szucs, 135 Wn.2d 398 (1998),[1] plaintiff identifies $14,776.50 in fees that represent hours spent on unsuccessful claims, duplicated efforts, or otherwise unproductive time and another $14,101.00 in fees that are described in such a way that the work performed is difficult to ascertain. Neither Bowers nor Mahler involved an award of attorney's fees pursuant to Olympic Steamship. The claim for fees in Bowers arose under the Washington Consumer Protection Act ("CPA") and the award in Mahler was affirmed in part under Superior Court Mandatory Arbitration Rule ("MAR") 7.3. Unlike other statutory fee provisions, an award of attorney's fees under Olympic Steamship is an equitable remedy designed to ensure that the insured gets the full benefit of its contract:

> When an insured purchases a contract of insurance, it seeks protection from expenses arising from litigation, not vexatious, time-consuming, expensive litigation with his insurer. In light of this verity we have held [that] when an insurer unsuccessfully contests coverage, it has placed its interests above the insured; and our decision in Olympic Steamship remedies this inequity by requiring that the insured be made whole.

Panorama Village Condominium Owners Ass'n Bd. of Directors v. Allstate Ins. Co., 144 Wn.2d 130, 143-44 (2001) (internal citations and quotation marks omitted). The intent to make the insured whole is clear. See Leingang v. Pierce County Med. Bureau, Inc., 131 Wn.2d 133, 149

---

[1] Plaintiff also cites an unpublished district court opinion for the proposition that an award of attorney's fees under Olympic Steamship must be calculated using the lodestar method and that the party seeking fees has the burden of establishing their reasonableness. Philips Oral Healthcare, Inc. v. Fed. Ins. Co., 2005 WL 3020014 (W.D. Wash. Nov. 10, 2005) (Robart, J.). Pursuant to Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938), the Court must apply the substantive law of the State of Washington and will therefore look to state court decisions to determine how to calculate fees in this context.

(1997) (citing McGreevy v. Oregon Mutual Ins. Co., 128 Wn.2d 26, 40 (1995)). In fact, in what appears to be a unique twist under Washington law, the decision in Olympic Steamship never once uses the term "reasonable" to describe or limit the fees available in equity. Instead, the Supreme Court simply created a right "to recoup attorney's fees" without any indication that the reasonableness limitation imposed by so many statutes and rules would apply. The Supreme Court has noted that attorney's fee analysis under the CPA involves a "very different inquir[y]" from that applicable under Olympic Steamship (Leingang, 131 Wn.2d at 148) and the same can be said of MAR 7.3. The trial court in Mahler made alternative fee awards under Olympic Steamship and MAR 7.3: the latter award was substantially less than that awarded under the equitable principles of Olympic Steamship. Both the CPA and MAR 7.3 limit plaintiff's recovery to reasonable attorney's fees and provide a narrower remedy than Olympic Steamship. Plaintiff's reliance on those cases is misplaced.

Bearing in mind the equitable nature of an award of attorney's fees in this context (McGreevy, 128 Wn.2d at 35) and Washington's public policy in favor of compelling insurers to honor their commitments and make prompt payment of claims (McRory v. Northern Ins. Co. of N.Y., 138 Wn.2d 550, 560 (1999)), the Court finds that defendant is entitled to recover all fees and costs incurred in defending this coverage suit. The Court will not reduce the fee award by those amounts associated with unsuccessful claims and/or vague descriptions. To hold otherwise would leave the insured in a worse position than if the insurer had promptly acknowledged its coverage obligations, thereby defeating the Supreme Court's clear intent to make the insured whole. McGreevy, 128 Wn.2d at 40.[2]

Without citing any case law, plaintiff argues that attorney's fees incurred before suit is actually filed are not recoverable under Olympic Steamship. Such a rule would exclude

---

[2] If this matter is appealed and the Ninth Circuit disagrees with the above analysis, in the alternative the Court finds that $7,240 of the fees sought were related to unsuccessful claims and that the descriptions associated with another $3,143 are insufficient.

fees that are clearly associated with obtaining a coverage determination, such as the costs of preparing a complaint or investigating coverage issues after denial of a claim. Given the policies discussed above, there does not seem to be any justification for imposing the pre-litigation bar plaintiff seeks. Although the Court has not found any case discussing this precise issue, Washington courts have been willing to award fees incurred in completely separate litigation as long as the fees were necessarily incurred in an effort to establish insurance coverage. See Fluke Corp. v. Hartford Acc. & Indem. Co., 102 Wn. App. 237, 255-56 (2000), aff'd 145 Wn.2d 137 (2001). Olympic Steamship simply requires that a legal action be instituted to trigger the equitable fee-shifting provision. There is no indication that fees incurred before the complaint is filed are excluded and the Court will not impose such a significant limitation here.

Again relying on a non-Olympic Steamship case, namely Absher Constr. v. Kent School Dist., 79 Wn. App. 841(1996), plaintiff argues that fees associated with clerical tasks performed by non-lawyers are not recoverable. The narrower phrase "reasonable attorney's fees" has been interpreted to include such expenses. See Louisiana-Pacific Corp. v. Asarco Inc., 131 Wn.2d 587, 604-05 (1997) (Sanders, J. concurring) ("reasonable attorney's fees" includes reasonable out-of-pocket expenses attributed to a specific case); Missouri v. Jenkins, 491 U.S. 274, 285 (1989) ("reasonable attorney's fee" "must take into account the work not only of attorneys, but also of secretaries, messengers, librarians, janitors, and others whose labor contributes to the work product for which an attorney bills her client . . ."). In order to make the insured whole, clerical work performed by non-lawyer employees of counsel in defending this declaratory judgment action is recoverable .

Finally, plaintiff argues that defendant is not entitled to reimbursement for legal work performed by a third party. Litigation counsel often delegate specific tasks to third parties, be they expert witnesses, copy services, or outside counsel. In this case, Mullavey, Prout, Grenley & Foe had Trident's counsel, Nicoll Black Misenti & Fieg, research and draft documents related to the summary judgment motions under a contingency arrangement. Sea 'N

Air is obligated to pay the fees incurred by Nicoll Black if it obtains an award of attorney's fees in this matter. Such an arrangement is commonplace and does not convert Sea 'N Air's request for fees covering all of the expenses related to the defense of the declaratory judgment action into a request from Trident or Nicoll Black. Plaintiff offers no case law or logical argument in support of its formalistic objection to defendant's fee request.

For all of the foregoing reasons, plaintiff shall, within twenty days of the date of this Order, pay to defendant attorney's fees in the amount of $53,604.82.

DATED this 20th day of April, 2006.

Robert S. Lasnik
United States District Judge